179 So.2d 238 (1965)
Dorothy T. LAMM, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation, Appellee.
No. 65-52.
District Court of Appeal of Florida. Third District.
October 26, 1965.
Aronovitz, Aronovitz & Haverfield, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and John W. Thornton, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
Dorothy T. Lamm, plaintiff below, appeals a summary final judgment in favor *239 of the defendant, The Prudential Insurance Company of America, in a suit for failure to honor provisions of a hospitalization policy.
The plaintiff, a widow, applied for medical insurance which covered herself and her young children, Robert and Dorothy. The defendant insurance company issued two policies, one when Robert was seven, and another when he was eight years old. At the time of the issuance of both policies, Robert participated in all school activities, as would any normal child his age. Subsequently, the plaintiff incurred continuing and substantial hospital, medical and surgical expenses of the nature insured against by the defendant.
The plaintiff notified the defendant of her claims under the policies and submitted formal claims and proof of loss. Although substantial premiums had been previously paid and accepted, the defendant denied liability and sought to cancel the policies in question.
The defendant claims that at the time plaintiff applied for the policies, she had knowledge of the fact that Robert had a heart murmur and that her failure to put the defendant on notice constituted material misrepresentations, omissions, and/or concealment of material facts which were material to the risk and hazard assumed by defendant.
Plaintiff claims that she had no knowledge of any "abnormal" heart condition; that she made no material misrepresentations, omissions, and/or concealments of fact, and if any statements were incorrect, they were not made in bad faith; and that in fact, the defendant's agent filled out the applications. As a result of defendant's refusal to pay the claims, the plaintiff filed suit. Subsequently, the trial court entered a summary final judgment for the defendant, which is the subject matter of this appeal.
While it appears that there was considerable evidence to induce the trial court to enter a summary final judgment for the defendant, the evidence cannot be said to be so substantial as to show that there was "no genuine issue as to any material fact." The extent of the questions asked by the insurance agent, the correctness of the answers given by the plaintiff, and plaintiff's alleged misrepresentation, or knowledge of the seriousness of the "heart murmur", were disputed questions of fact to be resolved by a jury.
We quote with approval the discussion of misrepresentation, concealment, and breaches of warranty or condition in 18 Fla.Jur. Insurance § 455:
"In general, in suits on insurance contracts, if the evidence is susceptible of different inferences, the question of whether there has been misrepresentation, concealment, or a breach of warranty or condition, is one of fact, for resolution by the jury. Accordingly, where it is contended that the insured has misrepresented the condition of his health in applying for insurance or in securing reinstatement, and the evidence is not conclusive on the point, it is for the jury to resolve the question; and in so doing it is within their province to reject expert testimony and rely on lay evidence. Whether or not the insured falsely represented material facts that induced the insurer to issue policies solely on the strength of the insured's statements, without regard to an independent investigation made by it, is likewise a question of fact."
The summary final judgment is therefore reversed and the cause remanded for a trial by jury.
It is so ordered.