204 So.2d 206 (1967)
NATIONAL STANDARD LIFE INSURANCE COMPANY, a Florida Corporation, Petitioner,
v.
Isabelle G. PERMENTER, Respondent.
No. 36274.
Supreme Court of Florida.
November 15, 1967.
Daniel P. McDonald, Orlando, and Moore, Henderson, Buchanan & Moore, Tallahassee, for petitioner.
Lewis E. Purvis, Arcadia, for respondent.
PER CURIAM.
After careful consideration of the record and briefs in this case in the light of the argument of counsel, we conclude that no such conflict has been demonstrated as justifies the exercise of jurisdiction by this court.
The writ issued herein is discharged.
CALDWELL, C.J., and THOMAS, ROBERTS and THORNAL, JJ., concur.
ERVIN, J., concurs specially.
ERVIN, Justice (concurring specially):
I concur in the determination that we lack jurisdiction in this case.
I wish, however, to comment upon a recent decision of our Court in a case basically related to the instant one. In Life Insurance Company of Virginia v. Shifflet, Fla., 201 So.2d 715, we made the following statement:
"We hold misrepresentations in an application for insurance, material to the acceptance of the risk, do not have to be made with knowledge of the incorrectness and untruth to vitiate the policy." (at 719)
The determination in Shifflet, supra, that the policy was vitiated is correct in view of the particular facts and circumstances involved therein. I am concerned, however, upon further consideration arising from my study of the instant case, as to the application of our quoted statement in Shifflet to the great multiplicity of situations that will arise regarding alleged misrepresentations or incorrect statements in insurance policy applications. I fear that foreseeable problems, not mere imaginary ones, will be posed in such situations *207 which will warrant consideration on a case-by-case basis rather than an absolute blanket-type approach to each one involving alleged misrepresentations or incorrect statements.
My specific concern is that our pronouncement in Shifflet may be too sweeping in scope and might lend itself to application where literally to do so would work injustice. Think, for example, of the numerous situations in which an applicant is asked by the insurer or its agent to respond to questions which require, or call for in one way or another, statements that amount to matters of opinion or judgment. In such cases where an applicant responds to such questions, many times posed in series, his answers made in good faith and without intent to deceive should not automatically in all cases have the effect of voiding the policy should one or more turn out to be an erroneous expression of opinion or judgment. In the area of health, an applicant may express an erroneous opinion concerning a specific question relating to his health of which he has no medical knowledge and which could only be answered by a medical expert after diagnosis or examination. However, cases involving excusable statements of judgment or opinion should not be analogized to those where an applicant makes careless or reckless statements positively as true when he has no knowledge as to whether such statements are in fact true, and as a fair and reasonable man should have indicated he was without sufficient knowledge to give an answer.
There will also be excusable situations where an applicant will honestly misconstrue application questions  and sometimes the insurer's agent will participate in such misconstructions where for example, questions are couched in language or refer to subjects and special fields beyond his or their understanding, giving rise to incorrect answers. An incorrect statement in order to be material and vitiate a policy must be one given by the insured in response to a question he understood or reasonably should have understood, or one which reasonably he could be expected to have sufficient information to answer or state he lacked knowledge to give a responsive answer. The nuances arising in cases involving insurance contract applications should not be disregarded or answered patly with an absolute rule to the effect that all the insurer need prove, in all cases, to vitiate the policy is that an applicant's answer given to a material question is incorrect without taking into consideration on particular circumstances which may negative application of the rule. The law, pursuant to logic and fair play, should require that an insurer shoulder a greater burden than that when it seeks to negate coverage. Our statutes seem to recognize this basic concept, inasmuch as they specifically provide that
"[all] statements and descriptions in any application for an insurance policy * * or in negotiations therefor, by or in behalf of the insured * * * shall be deemed to be representations and not warranties." (F.S. § 627.01081, F.S.A.; emphasis supplied)
The distinction between representation and warranty, as stated in 45 C.J.S. Insurance § 595, p. 395, is that a representation
"* * * is a statement proffered as a basis for an insurance contract, and is not, strictly speaking, part of the insurance contract, but collateral thereto * * *"
while a warranty
"* * * is a statement on the literal truth or fulfillment of which the validity of the entire contract depends; it is a part of the contract itself * * *."
See also 29 Am.Jur. Insurance §§ 608 and 708.
Each situation where an alleged misrepresentation or incorrect statement is advanced to vitiate a policy should be examined to determine whether under the particular circumstances the applicant reasonably could be held responsible for the *208 incorrect statement and without fault on the part of the insurer.
THOMAS and ROBERTS, JJ., concur.
THORNAL, J., concurs in part with Opinion.
THORNAL, Justice (concurring in part with ERVIN, J.).
I dissented in Shifflet and would again for many of the reasons stated by Justice Ervin in the above opinion.