WALDEN, Judge.
This is an appeal from a final judgment entered in favor of the defendant, Travelers Insurance Company, in a suit for damages. It resulted from the defendant’s refusal to make payments for a gall bladder operation under a policy for hospitalization and surgical benefits. The application for the policy was made on February 28, 1967. The policy became effective on May 23, 1967. The gall bladder operation occurred on March 22, 1968. The basis for defendant’s refusal was the omission by plaintiff of certain medical history from her application which concerned her gall blader condition.
On February 17, 1967, plaintiff and her husband applied for a family hospitalization policy with the defendant insurance company. In the block provided for specific information as to operations and recent illnesses the plaintiff listed:
8-63 Oral Surgery Dr. E. R. Hatch
10-51 Hemorrhoidectomy Dr. Tom Nelson
1940 Hysterectomy Dr. Jules Parker
1929 Appendectomy Dr. Unknown
In the same space she listed Dr. Yount’s name as treating physician for her husband’s asthma. By letter of February 15, 1967, she told the defendant’s agent that Dr. Yount had medical records for both her husband and herself. Her husband was turned down for insurance, and plaintiff was told to reapply for just herself. She did so and on the second application Dr. Yount’s name was not mentioned. The policy of insurance, which is the basis for the suit, was issued pursuant to the second application.
The second application was filled out with the advice of her family physician, Dr. ■Yount, at least as .to certain questions. The plaintiff answered yes to questions of whether she had consulted a physician within the last five years and whether she had ever had an operation. However, in the small space in which she was to provide details for the questions she had answered yes, she listed only three items:
8-63 Oral Surgery Dr. E. R. Hatch
10-51 Hemorrhoidectomy Dr. Tom Nelson
1940 Hysterectomy Dr. Jules Parker
The plaintiff had visited Dr. Yount on many occasions within five years prior to the issuance of the policy. In September oí 1966, she went to Dr. Yount with symptoms of gall bladder difficulties. In October of 1966, under the care of Dr. Bacon, the plaintiff was hospitalized for the gall bladder problem; however, all tests proved negative and no surgery was performed at that time. Additionally, the names of other physicians who had treated the plaintiff within five years prior to the policy were not given to the defendant, namely, Dr. Meyers, Dr. Cooney and Dr. Hayslip. The latter two treated the plaintiff for dizziness and on three separate occasions took an electroencephlograph tracing.
The trial judge, sitting without jury, found as a matter of fact, that the omissions on the application were material to the acceptance of the risk, and that the defendant would either not have issued the policy or would not have issued it at the same rate, or would not have provided coverage with respect to the hazard resulting *200 in the loss, if it knew of the true facts pertaining to the health of the plaintiff at the time her application was made. The judge also found as a matter of fact that the letter which told the defendant’s agent that Dr. Yount had her medical records with reference to the first application was insufficient to put the defendant on notice of the prior medical problems of the plaintiff.
The trial court stated that these findings did not mean that the plaintiff purposely omitted the information nor that did they infer any bad faith or fraudulent intent of the plaintiff. It was clearly noted, however, that the plaintiff had been in the insurance business for twenty years and had owned her own agency for some twelve years. She was quite familiar with this type of application and yet she stated that she did not list the omitted medical history because she did not think that it was necessary or material. She further stated that she thought that the space provided was only for the listing of surgery performed.
There are two key cases which bear upon this question, namely, Life Insurance Company of Virginia v. Shifflet, Fla.1967, 201 So.2d 715 and National Standard Life Insurance Company v. Permenter, Fla.1967, 204 So.2d 206.
In Shifflet a question was certified to the Florida Supreme Court from the Fifth Circuit Court of Appeals because there appeared to be a conflict in Florida law. The stipulated question read:
“Whether clearly incorrect and untrue statements to questions on an insurance application, material to the acceptance of the risk of the contract, must be given with knowledge of the incorrectness and untruth to vitiate the policy under section 627.01081(2), Florida Statutes, F.S.A.?”
The Supreme Court in an opinion written by Justice Caldwell, answered:
“Inasmuch as we think the statute is unambiguous and is susceptible of but one interpretation we find there is no necessity for construction. We accord the statute its plain and obvious meaning and hold recovery under the policy is precluded if the misrepresentation is material to the acceptance of the risk or if the insurer in good faith would not have issued the policy in the terms it was issued.
« 5}C ifc 5¡í
“We hold misrepresentations in an application for insurance, material to the acceptance of the risk, do not have to be made with knowledge of the incorrectness and untruth to vitiate the policy.”
This decision resolved a conflict between the Second and Third District Courts of Appeal. The decision agreed with the Douglas v. Mutual Life Insurance Company of New York, Fla.App.1966, 191 So. 2d 483, case from the second district and was contra to the third district cases of Lamm v. Prudential Insurance Company of America, Fla.App.1965, 179 So.2d 238, and American Bankers Life Assurance Company of Florida v. Toth, Fla.App.1964, 165 So.2d 804.
In the Permenter case the Supreme Court of Florida concluded that there was no showing of conflict which would justify the exercise of jurisdiction.
However, Justice Erwin wrote a special concurring opinion with which Justices Thomas, Roberts, and Thornal concurred.
Justice Ervin stated that he felt the pronouncement in Shifflet was too broad and sweeping. He thought that a case-by-case basis of consideration, rather than a blanket-type approach, was needed. He then cited examples in which opinions or judgments of the applicant were required to answer questions on an insurance application. He did not feel that if such a question was material and answered wrong but in good faith that it should vitiate a policy. He did state, however, that:
“[Cjases involving excusable statements of judgment or opinion should not be *201 analogized to those where an applicant makes careless or reckless statements positively as true when he has no knowledge as to whether such statements are in fact true, and as a fair and reasonable man should have indicated he was without- sufficient knowledge to give an answer.
“There will also be excusable situations where an applicant will honestly misconstrue application questions — and sometimes the insurer’s agent will participate in such misconstructions where for example, questions are couched in language or refer to subjects and special fields beyond his or their understanding, giving rise to incorrect answers. An incorrect statement in order to be material amd vitiate a policy must be one given by the insured in response to a question he understood or reasonably should have understood, or one which reasonably he could be expected to have sufficient information to answer or state he lacked knowledge to give a responsive answer (Emphasis supplied.)
it * * ‡
“Each situation where an alleged misrepresentation or incorrect statement is advanced to vitiate a policy should be examined to determine whether under the particular circumstances the applicant reasonably could be held responsible for the incorrect statement and without fault on the part of the insurer.”
We are of the opinion that the decision of the trial court accords with the facts and the case law of this state and that no basis for reversal has been disclosed. Here the omissions concerning the gall bladder condition were clearly material to the acceptance of the risk and, even though the omissions may have been made without bad faith or fraudulent intent, the trial court was warranted in believing on the basis of the plaintiff’s experience and background that she understood or should reasonably have been expected to have understood the necessity for a full and correct statement to the insurer.
Affirmed.
OWEN, J., and LaMOTTE, STEWART, F., Jr., Associate Judge, concur.