Harriet HYMAN, Plaintiff-Appellee,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.

No. 72–3576

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 19, 1973.

Rehearing Denied Aug. 23, 1973.

Adolfo Del Castillo, Coral Gables, Fla., for defendant-appellant.

Philip Freidin, Arthur W. Tifford, Ronald B. Gilbert, Strauss & McCormick, P. A., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Mrs. Hyman sued appellant in the court below on a life insurance policy covering the life of her deceased husband. Over appellant's contention that Mr. Hyman had made material misrepresentations and omissions in the mail-order application for the policy, the jury awarded recovery to Mrs. Hyman, and this appeal followed.

The allegation of material misrepresentations and omissions was based on Mr. Hyman's answers to questions three and four on the application. The first question was "Have you in the last 5 years, consulted a physician for any illness?" Mr. Hyman answered "Yes" and, in accordance with an instruction to explain any affirmative answers, wrote "inflamed nerve in spine. Dr. Sherif Shafey". His explanation failed to state that he had been treated by several other physicians, and had recently been hospitalized, for a condition diagnosed as "cervical root compression," which was causing him pain in his back and weakness in his extremities. The second question on the application was as follows: "Are you presently retired or restricted in your full-time employment?". Mr. Hyman answered this question "No". On the day he completed the application, however, Dr. Shafey had certified that he "continued to be severely incapacitated" by the painful nerve. Furthermore, several months before applying for the policy, Mr. Hyman had claimed and received total disability benefits; and less than one month be-

fore making application he had claimed benefits for two-thirds disability (this claim had been rejected because his disability insurer could not verify it). At trial, however, Mrs. Hyman and another witness testified that during September, 1970, when he applied for the life insurance policy, he resumed his normal work activities as a general contractor.

The policy became effective on November 1, 1970. Less than two weeks later, Mr. Hyman died of lung cancer metastasized throughout the entire body. According to the deposition of Dr. Robert Clark, M.D., Chief of the Laboratory of the Veteran's Administration Hospital to which Mr. Hyman was admitted before he died, a tumor of such size, which not uncommonly manifests itself as a nerve impingement, had probably been present for at least a year. None of the doctors whom Mr. Hyman had consulted concerning the "inflamed nerve," however, had diagnosed his condition as cancer.

Appellant's first contention is that the trial court erroneously denied its motions for summary judgment, directed verdict, and judgment notwithstanding the verdict. A Florida statute provides that misrepresentations or omissions in applications for insurance shall not defeat recovery on the policy unless they are either fraudulent, material to the acceptance of the risk or hazard assumed by the insurer, or are such that the insurer would not have issued the policy, or would have issued it at a different premium, if it had known the facts. Fla.Stat.Ann. § 627.409. Florida courts interpret this statute to mean that even an innocent misrepresentation by the insured can bar recovery if it is material to the acceptance of the risk or if the insurer in good faith would not have issued the policy under the same terms had it known the truth. Life Ins. Co. of Virginia v. Shifflet, 201 So.2d 715 (Fla.1967).[1] We believe that the evidence made the truth of the insured's answers and the materiality if any omissions a question for the jury. The treatment by doctors other than Dr. Shafey, and the periods of hospitalization, related either to nonrecurring symptoms or to the same "inflamed nerve" referred to in the application. In addition, evidence that Dr. Shafey had certified that the insured "continued to be severely incapacitated" and that he had recently received disability benefits was countered by testimony that Mr. Hyman had resumed normal work activities during September 1970. Accordingly, we decline to disturb the trial court's denial of appellant's motions for summary judgment, directed verdict, and judgment notwithstanding the verdict.

Secondly, appellant argues that the trial court erroneously instructed the jury that the words "any illness" in the third question on the application [2] meant "any appreciable disorder." Relying on the holding of Shifflet, supra, that even innocent misstatements can preclude recovery under an insurance policy, appellant argues that "illness" should be defined objectively to include conditions unknown to an insured, and that by defining the term as he did, the trial judge improperly gave it a subjective meaning. At the time Mr. Hyman completed the application, he apparently had cancer, although evidently neither he nor his doctors had discovered the condition. If "illness" means only those disorders "appreciated" by an insured, then Mr. Hyman's failure to say that he suffered from cancer did not result in an incorrect statement on the application. But if, under the rigorous rule of Shifflet, "illness" must be defined to include all conditions whether known to an insured or not, then Mr. Hyman's "nondisclo-

---

1. Appellant's brief suggests, but does not specifically assign as error, that the trial court improperly instructed the jury that a misrepresentation must be dishonestly made before it can defeat recovery under the policy. From our review of the court's charge, however, we find no support for that suggestion.

2. "Have you in the last 5 years, consulted a physician for any illness? If answer to question 3 is 'yes,' explain here and on the reverse."

sure" of so plainly a material condition would defeat recovery under the policy.

To apply *Shifflet* in a case in which, as here, neither the insured nor his doctors were aware that he suffered from a serious illness when he made application for the policy would, in our view, result in the grossest injustice. Fortunately, the Florida Supreme Court has recognized that *Shifflet* can produce harsh results in some cases. In a concurring opinion joined by three other Justices in National Standard Life Ins. Co. v. Permenter, 204 So.2d 206 (Fla.1967), Justice Ervin suggested a case-by-case approach to avoid injustice in situations in which "an applicant may express an erroneous opinion concerning a specific question relating to his health of which he has no medical knowledge and which could only be answered by a medical expert after diagnosis or examination." 204 So.2d at 207. To apply *Shifflet* strictly in such cases, observed Justice Ervin, would ignore the statutory provision that statements in an insurance application "shall be deemed to be representations and not warranties." Fla. Stat.Ann. § 627.409.

■ The instant case puts the problem in even sharper focus than did the case posed by Justice Ervin, for here the record shows not only that persons suffering from Mr. Hyman's condition often are unaware that they have a tumor (Deposition of Dr. Robert Clark), but also that none of the physicians who had treated Mr. Hyman had discovered that the "inflamed nerve" mentioned in the application was a symptom of a massive tumor. In view of the fact that the Florida Supreme Court has recognized the unjust results that *Shifflet* can spawn, we have no doubt that the Florida courts would not apply *Shifflet* to the facts of the instant case. In accordance with Justice Ervin's suggested case-by-case approach, we hold that the trial court properly defined "any illness" to mean "any appreciable disorder." [3]

■ Appellant's remaining contentions may be quickly disposed of. First, the insurance company argues that the trial court erroneously refused to instruct the jury that, in order for Mrs. Hyman to recover, Mr. Hyman's health on the date the policy issued (less than two weeks before his death) must have been as described in the application completed some two months earlier. Both of the cases relied on in support of the requested instruction, however, are distinguishable on their facts from the instant case. In *Disposable Services, supra,* note 3, the insured was informed by his doctor that his health had deteriorated since completion of the application; and in Wolk v. Lamar Life Ins. Co., 202 So.2d 617 (Fla.App.1967), the insured was himself a physician who could be expected to know that his health was not as described in the application.

■ Secondly, appellant argues that a comment by the judge during trial, amplified by appellee's counsel in jury argument, entitled it to a mistrial. Appellant neither objected nor moved for a mistrial at the time the statements were made, however, and in our view the statements did not constitute plain error. Finally, appellant insists that the trial judge erroneously overruled its motion for new trial. Besides urging several points that have been adequately treated above, appellant contends that the trial court unduly limited the number of expert witnesses for the defense, altered the normal order of proof, and refused to allow appellant to impeach two of its expert witnesses. We find no merit to any of these contentions.

Affirmed.

---

3. In Disposable Services, Inc. v. ITT Life Ins. Co., 5th Cir. 1971, 453 F.2d 218, a panel of this court, faced with a set of facts that was clearly outside Justice Ervin's hypothetical case in *Permenter*, *supra,* properly reserved the question whether *Shifflet* had been narrowed by the concurring opinion in *Permenter.* The time has now come to answer that question, and we answer it affirmatively.