309 So.2d 569 (1975)
TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Appellant,
v.
Arthur E. ZIMMERMAN, Appellee.
No. 74-937.
District Court of Appeal of Florida, Third District.
March 25, 1975.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for appellant.
Stephen Lubow, Miami, Steven Gary, N. Miami Beach, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant seeks review of a final judgment for plaintiff entered pursuant to a jury verdict in an action to recover total permanent disability benefits under an insurance policy issued by the appellant.
*570 Plaintiff-appellee, Arthur E. Zimmerman, on July 10, 1970 met with one of the representatives of defendant-appellant, Travelers Insurance Company, for the purpose of applying for disability insurance. The representative asked the questions on the application and wrote down the responses thereto. Plaintiff answered in the affirmative the question if he ever had any back problems and gave to the representative the name of the hospital where he had his back operation and his doctor at the time of the surgery. Thereafter, the application was submitted to the home office of appellant, reviewed and approved. Thereupon, appellee was issued a disability policy and commenced paying the premiums. Subsequently, plaintiff became totally disabled as the result of an enlarged heart coronary artery disease and made a claim under his policy of insurance for disability income. Upon investigation thereof, appellant discovered from plaintiff's hospital records that plaintiff had received treatment for polydipsia, diabetes, anxiety neurosis and chronic back problems. Defendant insurer refused to honor the claim for plaintiff's failure to advise defendant of the above in his application for insurance. Thereupon, plaintiff filed a complaint to recover permanent disability benefits under the policy issued by defendant. Defendant Travelers answered and counterclaimed for rescission under § 627.409, Fla. Stat. on the grounds that there were material misrepresentations, omissions, incorrect statements or concealed facts in the application for the policy of insurance. The cause proceeded to a jury trial at the conclusion of which the jury returned a verdict in favor of the plaintiff. Judgment in the total amount of $10,176 was entered thereon. Defendant insurer appeals therefrom. We affirm.
It is well established that under § 627.409, Fla. Stat. even an innocent misrepresentation by the insured can bar recovery if it is material to the acceptance of the risk or if the insurer in good faith would not have issued the policy under the same terms had it known the truth. Life Insurance Company of Virginia v. Shifflet, Fla. 1967, 201 So.2d 715. Nevertheless, where the evidence is not conclusive as in the case sub judice, then the extent of the questions asked by the insurance agent, the accuracy of the answers given by the insured and the insured's alleged misrepresentation become disputed questions of fact to be resolved by the jury. Lamm v. Prudential Insurance Company of America, Fla.App. 1965, 179 So.2d 238; Hyman v. Life Insurance Company of North America, 481 F.2d 444 (5th Cir.1973). Furthermore, whether or not the insured falsely represented material facts that induced the insurer to issue policies solely on the strength of the insured's statements, without regard to an independent investigation made by the insurer, is likewise a question of fact. Lamm, supra. Finally, each situation where an alleged misrepresentation or incorrect statement is advanced to vitiate a policy should be examined to determine whether under the particular circumstances the applicant reasonably could be held responsible for the incorrect statement and without fault on the part of the insurer. National Standard Life Insurance Company v. Permenter, Fla. 1967, 204 So.2d 206 at 207.
There being competent substantial evidence contained in the record to support the jury's determination, we will not disturb the verdict on appeal. Accordingly, the judgment herein appealed is affirmed.
Affirmed.