338 So.2d 58 (1976)
UNDERWRITERS NATIONAL ASSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Earle A. HARRISON, Appellee.
No. 75-1312.
District Court of Appeal of Florida, Third District.
September 21, 1976.
Rehearing Denied November 1, 1976.
*59 Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stieglitz, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant, defendant below, appeals a final judgment entered by the trial court pursuant to a jury verdict for appellee, plaintiff below.
Appellee filed a complaint against appellant seeking to recover benefits under a disability insurance policy and for attorney's fees. Appellant denied that any benefits were due under the policy because it had been rescinded and because the contract was void by reason of certain material misrepresentations made by appellee in his application for the policy.
Subsequently, the case went to trial and, after appellant's motions for a directed verdict were denied, the jury returned a verdict for appellee. Pursuant to this verdict, a final judgment, dated June 19, 1975, was entered in favor of appellee. From the judgment, appellant appeals.
Appellant contends that there was no competent substantial evidence adduced from which the court could have concluded that the misrepresentations made by appellee were not material to the risk accepted by appellant or that appellant did not rely substantially upon appellee's representations in the application in executing the policy of insurance.
Appellee contends that the trial court acted with propriety by entering a final judgment upon the jury verdict and by denying appellant's motions for a directed verdict and new trial because the questions of fact were properly submitted to the jury and no error was committed by denying appellant's motions.
Appellant's basic argument on appeal is that material misrepresentations were made by appellee in the application for the insurance policy and that, had it known of appellee's prior medical history, it would not have issued the policy. Among other authorities, appellant cites Section 627.409, Florida Statutes (1975), in support of its position.
The general rule in Florida is that the answers given or the representations made by an insured on an application for insurance, when disputed, present questions of fact to be resolved by a jury. See, e.g., Hyman v. Life Insurance Company of North America, 481 F.2d 444 (5th Cir.1973) (decided upon Florida law); Traveler's Insurance Company v. Zimmerman, 309 So.2d 569 (Fla.3d DCA 1975); and Lamm v. Prudential Insurance Company of America, 179 So.2d 238 (Fla.3d DCA 1965). This general rule is applicable to the instant appeal and the factual issues pertaining to appellee's representations on the application for insurance were properly submitted to the jury for a determination.
Upon a defendant's, here appellant, appeal from a final judgment based upon a jury verdict for a plaintiff, here *60 appellee, all of the testimony and all proper inferences therefrom must be construed most favorably to the plaintiff. See, e.g., Land v. Patroni, 214 So.2d 94 (Fla.1st DCA 1968); and F.W. Woolworth Co. v. Stevens, 154 So.2d 201 (Fla.3d DCA 1963). While an appellate court may not always agree with the conclusions of the jury from the conflicting evidentiary facts presented to it, the court is generally bound to affirm the jury's determination, absent a clear showing that it is erroneous, when it is supported by sufficient competent evidence. See, e.g., Hartford Accident and Indemnity Co. v. Coloposcope of America, Inc., 308 So.2d 52 (Fla.3d DCA 1975); Miami Shores Village v. Lingler, 157 So.2d 716 (Fla.3d DCA 1963); and 2 Fla.Jur., Appeals §§ 308 and 346.
Although, in the instant case, if we had been sitting as jurors we might have decided the case differently, after a careful consideration of the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, we have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.