PER CURIAM.
The appellant, Robert Lee Smart, sued the appellee, Time Insurance Company, for its failure to honor his claim for benefits as beneficiary of a $50,000 life insurance policy issued to his daughter less than four months prior to her death from leukemia. Appellee defended on the ground that insured made material misrepresentations of fact on the application for insurance and that the policy would not have been issued at that time or, if issued, would have been issued at a much higher premium if insurer had known the truth. The trial judge granted summary judgment in favor of appellee. We affirm.
Appellee’s affirmative defense was based upon its allegations that the insured failed to disclose, as required by specific questions on the application for insurance, that she had been treated by a Dr. Jankauskas due to nervousness, pain in the upper abdomen and elevated blood pressure one day before the application was submitted. Medication was prescribed for each condition. The insured also failed to disclose, as required, that she had been seen by Dr. Jankauskas numerous times since 1976 to the date of application for nervousness, headaches and associated problems and listed a Dr. Augustus, whom she had not seen in years, as her regular physician. Dr. Jankauskas’ name does not appear anywhere on the application form, although a space was provided for the furnishing of details, dates, name and address of doctor and results of any treatment rendered.
Although the evidence indicates some dispute as to whether the application was completed and signed at the agent’s office in appellant’s presence or at the insured’s home outside appellant’s presence, or whether insured mentioned Dr. Jankauskas’ name, the uncontradicted evidence shows that the insured, whose signature appears on the application, did not inform the agent of her reasons for seeing Dr. Jankauskas since 1976. It is that omitted information which constitutes the material misrepresentation that caused appellee to issue the poli *687 cy. Given the absence of any factual dispute as to those matters, the order of summary judgment is affirmed.
MILLS, BOOTH and THOMPSON, JJ., concur.