459 So.2d 443 (1984)
CONTINENTAL Assurance Company, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Roger A. Carroll, Appellee.
No. 83-2802.
District Court of Appeal of Florida, Fourth District.
November 21, 1984.
Nancy Little Hoffmann of Hoffmann & Burris, P.A., and Clifford B. Selwood of Clifford B. Selwood, P.A., Fort Lauderdale, for appellant.
*444 James W. Dawson and Marcia E. Levine of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellee.
BARKETT, Judge.
The appellant, Continental Assurance Company, defendant below, appeals the final judgment entered in favor of appellee, Roger A. Carroll, who was the plaintiff below. We affirm.
Carroll sued to recover the proceeds of a life insurance policy issued by appellant upon the life of appellee's infant son.
Continental raised the affirmative defense that Carroll had misrepresented the state of the infant's health when applying for the insurance, and therefore Section 627.409, Florida Statutes (1981) barred his recovery on the policy. In reply, Carroll maintained that any incorrect statement contained on the application resulted from a good faith but erroneous expression of opinion or judgment, or an honest misunderstanding of the question.
The case was tried to a jury. Continental unsuccessfully moved for a directed verdict on the authority of Section 627.409, Florida Statutes, which read at all times pertinent to this case:
(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) Fraudulent; or
(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
Carroll successfully persuaded the trial court that despite the language of that statute, an incorrect answer on an application for insurance would not invalidate the policy when it was given as a good faith expression of opinion or judgment. The trial court gave Carroll's requested jury instruction as follows:
You are further instructed that an incorrect answer on an application form for insurance shall not invalidate the policy where (1) the applicant in good faith makes an erroneous expression of an opinion or judgment or (2) the applicant misunderstands an inquiry which is ... couched in language or refers to subjects in special fields beyond his understanding. You are also instructed that an incorrect statement will not invalidate a policy of insurance unless the incorrect statement is given in response to a question which the insured understood or reasonably should have understood or to one which he reasonably could not have been expected to have sufficient information to answer or state that he lacked knowledge to get [sic] a responsive answer.
Appellant contends that the trial court erred in denying the directed verdict and giving the instruction described above because of the supreme court's ruling in Life Insurance Company of Virginia v. Shifflet, 201 So.2d 715 (Fla. 1967). In Shifflet, our Florida Supreme Court construed Section 627.01081, Florida Statutes, the predecessor to Section 627.409. In construing the statute, the court held that misrepresentations in insurance applications that are material to the acceptance of the risk do not have to be made with knowledge of the incorrectness and untruth to invalidate a policy. Thus, under the Shifflet rule, any misrepresentation, innocent or not, which is material to the acceptance of risk can invalidate a policy.
Appellee argued successfully below and contends before us that the rule stated in *445 Shifflet has been modified by National Standard Life Insurance Company v. Permenter, 204 So.2d 206 (Fla. 1967). The problem, however, is that the majority opinion in Permenter is a per curiam decision on the basis of lack of jurisdiction. The "modification" of Shifflet occurs by way of Justice Ervin's special concurrence in Permenter wherein he voiced his concern that Shifflet might be too sweeping in scope. He wrote:
Think ... of the numerous situations in which an applicant is asked by the insurer or its agent to respond to questions which require, or call for in one way or another, statements that amount to matters of opinion or judgment. In such cases where an applicant responds to such questions, many times posed in series, his answers made in good faith and without intent to deceive should not automatically in all cases have the effect of voiding the policy should one or more turn out to be an erroneous expression of opinion or judgment.
Id. at 207. To remedy the perceived harshness of Shifflet, Justice Ervin defined two "excusable situations" where incorrect answers on an insurance application would not invalidate the policy, even though material to the acceptance of risk:
(1) where an applicant "in good faith and without intent to deceive" makes an "erroneous expression of opinion or judgment";
(2) where the applicant gives an incorrect answer to a question couched in language or regarding subjects and fields beyond his understanding.
We note that in Permenter, Justice Ervin was joined by Justices Thomas, Roberts, and Thornal in his special concurrence. Thus, a majority of the justices at that time recognized the potential injustice a strict following of Shifflet would permit. Although it may be argued this concurrence has no binding effect as precedent, it must surely be viewed as persuasive coming just six months after Shifflet and with four of the seven justices at the time in agreement. It also appears the Florida appellate courts that have considered both cases have agreed that Permenter has in fact modified Shifflet. E.g., Gaskins v. General Insurance Company of Florida, 397 So.2d 729 (Fla. 1st DCA 1981); Minnesota Mutual Life Insurance Co. v. McCombs, 369 So.2d 978 (Fla. 1st DCA 1979); Independent Fire Insurance Company v. Horn, 343 So.2d 862 (Fla. 1st DCA 1976); Travelers Insurance Company v. Zimmerman, 309 So.2d 569 (Fla. 3d DCA 1975); Garwood v. Equitable Life Assurance Society of the United States, 299 So.2d 163 (Fla. 3d DCA 1974), cert. denied, 321 So.2d 553 (Fla. 1975); Tucker v. Travelers Insurance Company, 233 So.2d 198 (Fla. 4th DCA 1970). In addition, the federal courts, specifically the Fifth and Eleventh Circuit Courts of Appeal, have found the Shifflet decision "circumscribed" by Justice Ervin's concurrence in Permenter. J. & H. Auto Trim Co. v. Bellefonte Insurance Co., 677 F.2d 1365 (11th Cir.1982); Garcia v. Aetna Casualty & Surety Company, 657 F.2d 652 (5th Cir.1981); Hyman v. Life Insurance Company of North America, 481 F.2d 441, 444 n. 3 (5th Cir.1973).
Appellant Continental calls our attention to Wisconsin National Life Insurance Company v. Leichter, 452 So.2d 1052 (Fla. 3d DCA 1984); Phillips v. Ostrer, 418 So.2d 1104 (Fla. 3d DCA 1982); Preferred Risk Life Insurance Company v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982), and Minnesota Mutual Life Insurance Company v. Candelore, 416 So.2d 1149 (Fla. 5th DCA 1982), as recent decisions following Shifflet and denying insurance coverage as a matter of law. Upon review however, the facts of these cases do not fall into the "excusable situations" Justice Ervin described in Permenter. In fact, in Sande, supra, the fifth district specifically recognized the Permenter exceptions, noting however, that the facts did not fall within those exceptions.
After reviewing the foregoing we find that the better view is that Permenter has in fact modified the rule in Shifflet and so we accordingly affirm.
*446 We are troubled, however, by the lack of a direct statement from our supreme court and accordingly certify the following question as one of great public interest:
DOES THE SPECIAL CONCURRENCE IN NATIONAL STANDARD LIFE INSURANCE COMPANY V. PERMENTER MODIFY THE STRICT RULE SET FORTH IN LIFE INSURANCE COMPANY OF VIRGINIA V. SHIFFLET THAT ALL MISREPRESENTATIONS MATERIAL TO THE ACCEPTANCE OF RISK WILL INVALIDATE AN INSURANCE POLICY, EVEN IF MADE IN GOOD FAITH?
WALDEN, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.