485 So.2d 406 (1986)
CONTINENTAL ASSURANCE CO., Petitioner,
v.
Roger A. CARROLL, Respondent.
No. 66324.
Supreme Court of Florida.
February 13, 1986.
Rehearing Denied April 17, 1986.
Clifford B. Selwood of Clifford B. Selwood, Jr., P.A., Fort Lauderdale, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for petitioner.
Marcia E. Levine of Fazio, Dawson and DiSalvo, Fort Lauderdale, for respondent.
Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for The Academy of Florida Trial Lawyers, amicus curiae.
McDONALD, Justice.
The Fourth District Court of Appeal has certified the following question as one of great public importance:
Does the special concurrence in National Standard Life Insurance Company v. Permenter modify the strict rule set forth in Life Insurance Company of Virginia v. Shifflet that all misrepresentations material to the acceptance of risk will invalidate an insurance policy, even if made in good faith?
Continental Assurance Co. v. Carroll, 459 So.2d 443, 446 (Fla. 4th DCA 1984). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer in the negative and quash the opinion of the district court.
This case began as an action to recover the proceeds of a twenty-thousand dollar life insurance policy which the Continental Life Assurance Company issued upon the life of the Carroll's infant son Brian. Soon *407 after Brian's birth on May 4, 1982, the Carrolls began making inquiries concerning a life insurance policy on the baby. On June 14th Brian's mother took him to Dr. Kamal Taslimi for a checkup. Although Dr. Taslimi apparently assured Mrs. Carroll that her baby was generally healthy, he also informed her that Brian had developed a heart murmur and needed both an EKG and x-rays.
One week later, the Carrolls filled out a life insurance application with Continental. Continental issued the policy on July 2, 1982, and Brian died of congenital heart disease nine days later. When the Carrolls filed a claim under the policy, Continental denied coverage and returned the premium payment. The insurance company grounded its claim for recision of the insurance contract on the following questions and answers from the application:
Q. Is child, to the best of your knowledge and belief, in good health and free from deformity or defect?
A. Yes.
Q. Who is the child's doctor?
A. Kamal Taslimi.
Q. When and why was he last consulted?
A. 6-14-82.
Q. What did doctor say about his findings?
A. Normal.
Q. What treatment and drugs did he prescribe?
A. None.
Q. Is child still under treatment?
A. No.
Q. Any other consultations with him? If yes, give details.
A. No.
The company claimed it would never have issued the policy had the Carrolls related the true facts on the application.
At the close of the Carroll's case at trial, Continental moved for a directed verdict based on section 627.409, Florida Statutes (1981), and Life Insurance Co. v. Shifflet, 201 So.2d 715 (Fla. 1967). In Shifflet this Court held that any misrepresentation materially affecting risk would invalidate an insurance policy, even if made in good faith. Nevertheless, the trial court denied Continental's motion. The insurance company also objected to the following jury instruction:
You are further instructed that an incorrect answer on an application form for insurance shall not invalidate the policy where (1) the applicant in good faith makes an erroneous expression of an opinion or judgment or (2) the applicant misunderstands an inquiry which is couched in language or refers to subjects in special fields beyond his understanding. You are also instructed that an incorrect statement will not invalidate a policy of insurance unless the incorrect statement is given in response to a question which the insured understood or reasonably should have understood or to one which he reasonably could not have been expected to have sufficient information to answer or state that he lacked knowledge to get a responsive answer.
The jury awarded the Carrolls the full amount of the policy plus costs, attorney's fees, and interest.
The district court affirmed on appeal, ruling that a concurring opinion in National Standard Life Insurance Co. v. Permenter, 204 So.2d 206 (Fla. 1967), modified Shifflet. According to the district court, where insurance applicants in good faith make erroneous expressions of opinion or judgment, or where a question is couched in language beyond the applicant's understanding, the applicant's error does not void the policy. The district court certified the instant question, however, because this Court has never directly declared that Permenter so modified the Shifflet rule.
Section 627.409(1), Florida Statutes (1981), provides that misrepresentations, omissions, concealment of facts, and incorrect statements on an insurance application shall not prevent a recovery under the policy unless they are either: (1) fraudulent; (2) material to the risk being assumed; or (3) the insurer in good faith either would *408 not have issued the policy or would have done so only on different terms had the insurer known the true facts.[1]
In Shifflet this Court construed section 627.01081 of the Florida Statutes, the predecessor to section 627.409. Section 627.01081 read identically to the statute before us today. In Shifflet we answered the stipulated question of "whether clearly incorrect and untrue statements to questions on an insurance application, material to the acceptance of the risk of the contract, must be given with knowledge of the incorrectness and untruth to vitiate the policy under section 627.01081(2) Florida Statutes, F.S.A.?" 201 So.2d at 719. In answering this question we noted that the statute was unambiguous and we therefore accorded the statute its plain and obvious meaning. We held that the statute precluded recovery under an insurance policy where either the misrepresentation materially affects the acceptance of risk or the insurer would not have issued the policy under the same terms had it known the true facts. In short, Shifflet stands for the proposition that misrepresentations need not be knowingly made in order to void the policy. See Preferred Risk Life Insurance Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982); Minnesota Mutual Life Insurance Co. v. Candelore, 416 So.2d 1149 (Fla. 5th DCA), review denied, 424 So.2d 760 (Fla. 1982); Travelers Insurance Co. v. Zimmerman, 309 So.2d 569 (Fla. 3d DCA 1975). See also Bishop v. Franklin Life Insurance Co., 412 F.2d 949 (5th Cir.1969); Wissner v. Metropolitan Life Insurance Co., 395 F.2d 204 (5th Cir.1968).
Less than seven months after this Court decided Shifflet, we decided Permenter. Permenter consisted of a one-sentence per curiam statement discharging our writ of certiorari for lack of jurisdiction. 204 So.2d at 206. Justice Ervin, however, concurred specially in Permenter and a majority of the Court joined in his concurrence. Id. Justice Ervin departed from the matter at hand in Permenter and commented upon Shifflet, noting his concern with potential applications of the Shifflet rule and expressing his belief that Shifflet's sweeping rule could work injustice under certain circumstances. Justice Ervin then attempted to draw a distinction between statements of opinion or judgment and statements of pure fact. He also suggested exceptions to the Shifflet rule where the applicant either honestly misunderstands or has insufficient knowledge to answer the questions on the insurance application. Id. at 206-07.
The sole holding in Permenter was a finding that this Court lacked jurisdiction. We do not know its facts and any statements beyond the simple finding of no jurisdiction were obiter dicta. E.g., Myers v. Atlantic Coast Line Railroad, 112 So.2d 263 (Fla. 1959); State v. Florida State Improvement Commission, 60 So.2d 747 (Fla. 1952); Bunn v. Bunn, 311 So.2d 387 (Fla. 4th DCA 1975); Dobson v. Crews, 164 So.2d 252 (Fla. 1st DCA 1964), aff'd, 177 So.2d 202 (Fla. 1965). Such dicta is at most persuasive and cannot function as ground-breaking precedent. Improvement Commission, 60 So.2d at 750; Town of Lantana v. Pelczynski, 290 So.2d 566 (Fla. 4th DCA), aff'd, 303 So.2d 326 (Fla. 1974); Weisenberg v. Carlton, 233 So.2d 659 (Fla. *409 2d DCA), cert. denied, 240 So.2d 643 (Fla. 1970); O'Sullivan v. City of Deerfield Beach, 232 So.2d 33 (Fla. 4th DCA 1970). Shiflett, therefore, remains as the binding precedent in this state.
Although the district court may have agreed with Justice Ervin's concerns, no district court can legitimately circumvent a decision of this Court. Hernandez v. Garwood, 390 So.2d 357 (Fla. 1980); Greene v. Massey, 384 So.2d 24 (Fla. 1980); Morgan v. State, 337 So.2d 951 (Fla. 1976); State v. Dwyer, 332 So.2d 333 (Fla. 1976). If indeed the district court believed Justice Ervin's approach constituted "the better rule," the proper course would have been to rule in accordance with Shifflet and then certify the question to this Court. United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974); Hoffman v. Jones, 280 So.2d 431, 434 (Fla. 1973).
The language of section 627.409 remains as unambiguous today as the wording of its predecessor examined in Shifflet. The plain meaning of the statute indicates that, where either an insurer would have altered the policy's terms had it known the true facts or the misstatement materially affects risk, a nonintentional misstatement in an application will prevent recovery under an insurance policy. Shifflet, 201 So.2d at 719. The statute recognizes the principle of law that a contract issued on a mutual mistake of fact is subject to being voided and defines the circumstances for the application of this principle.[2] This Court cannot grant an exception to a statute nor can we construe an unambiguous statute different from its plain meaning.
In the instant case the application asked what Doctor Taslimi said about the child's health. Mr. Carroll responded to that question with one word, "normal." The statute allowed the insurance company to rely on this response. To permit the jury to draw a questionable distinction as to whether this response was fact or opinion and then base the outcome of this case on that distinction was error. The trial judge should have directed a verdict in favor of Continental.
Accordingly, we answer the certified question in the negative, quash the opinion of the district court, and remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 627.409(1), Fla. Stat. (1981), provides:

(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) Fraudulent; or
(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
[2] This Court has long held that mutual mistake of fact constitutes an equitable ground for recission under general contract law. E.g., Rood Company v. Board of Public Instruction, 102 So.2d 139 (Fla. 1958); Peace River Phosphate Mining Co. v. Thomas A. Green, Inc., 102 Fla. 370, 135 So. 828 (1931).