## ITT LIFE INSURANCE CORPORATION, Plaintiff,

v.

## Santa C. HERNANDEZ, et al., Defendants.

## Santa C. HERNANDEZ, et al., Third Party Plaintiffs,

v.

## DIVERSIFIED CAPITAL CORPORATION, et al., Third Party Defendants.

## No. 86–0169 Civ.

United States District Court, S.D. Florida, Miami Division.

Jan. 30, 1987.

Glen Harris, James McNally, Miami, Fla., Neil Carver, Coral Gables, Fla., for plaintiff.

Burton Greenfield, Sharon Wolfe, Miami, Fla., for defendants.

## MEMORANDUM ORDER

SCOTT, District Judge.

### I.

Plaintiff ITT LIFE INSURANCE CORPORATION moves for summary judgment on its claim for rescission of the life insurance policy which it issued to ARIEL HERNANDEZ, deceased, of which SANTA and MABELLE HERNANDEZ are the beneficiaries. ITT argues that it is entitled to a summary judgment because ARIEL HERNANDEZ is responsible for material misrepresentations in the application which void the policy. SANTA and MABELLE HERNANDEZ contend, on the other hand, that the jury must determine whether ARIEL was responsible for the misrepresenta-

---

tions in the application which was completed by an agent of ITT.

## II.

Much of this controversy is not in dispute:

### 1. Misrepresentation.

ITT contends that the answers in the application of ARIEL HERNANDEZ are false. SANTA and MABELLE HERNANDEZ admit the answers in the application were incorrect. ITT further contends that the answers were material to the risk. There can be little doubt that these false statements were material. Florida law is clear that intentional or unintentional misstatement of facts which materially affects the risk will preclude recovery under an insurance policy. Florida Statute § 627.-409;[1] and, *Continental Assur. Co. v. Carroll*, 485 So.2d 406 (Fla.1986). With this established, we move on to the next phase of the case.

### 2. Agency.

ITT agrees that FLORENTINO BENAVIDES was ITT's agent for the purpose of this application. The soliciting agent, however, was not present when HERNANDEZ completed the application. *Bankers Life Ins. Co. v. Williams*, 212 So.2d 777, 778 (1st DCA 1968). Instead one JOSE ANTONIO MARTINEZ, "who said he was working for Benavides," took the application. In any event, ITT concedes for the purpose of this motion that MARTINEZ, *vis-a-vis* HERNANDEZ, was an agent for the Plaintiff. MARTINEZ completed the application for the insured.[2] MARTINEZ was not candid in the information he placed in the application and knew that HERNANDEZ was less than a good risk for ITT, notwithstanding, MARTINEZ submitted the false application to ITT.

SANTA and MABELLE HERNANDEZ contend that where an insurer's agent fills out the application and has knowledge of the true facts, the carrier is estopped from asserting the defense of material misrepresentation. *Beneby v. Midland Nat'l Life Ins. Co.*, 402 So.2d 1193 (Fla. 3rd DCA 1981). Stated another way, facts within the knowledge of the insurer's authorized representative while acting within the scope of his authority is knowledge to the insurer. *Gaskins v. Gen. Ins. Co. of Florida*, 397 So.2d 729 (Fla. 1st DCA 1981). The claimants argue, therefore, that the carrier should be held liable. With this second phase of the syllogism now established, we turn to the real issue in this case.

### 3. Estoppel.

ITT argues that the rule of "estoppel" or "insurer's knowledge" is not applicable herein because

*once an applicant has reason to know that his answers are being incorrectly recorded, he can no longer use estoppel against the insurer.* Estoppel does not apply, in short, when invoked by an insured in order to effectuate what would otherwise be a fraud. *Schrader v. Prudential Insurance Co.*, 280 F.2d 355 (5th Cir.1960); *Mutual Life Insurance Company v. Hilton—Green*, 241 U.S. 613, 60 L.Ed. 1202, 36 S.Ct. 676 (1916). (ITT's Memo p. 10). (Emphasis supplied by ITT)

Applying *Hilton-Green*, ITT urges that this Court should rule as a matter of law that "... the doctrine of estoppel may not be used as a weapon to perpetuate what should otherwise be a textbook example of fraud." (Memo p. 14).

In response, SANTA and MABELLE HERNANDEZ takes no exception with the principles announced in *Hilton-Green*, and, indeed, argue that even under this authority, material issues of fact exist. Specifically, the claimants contend that a jury must

---

**1.** This diversity case is controlled by Florida law.

**2.** The only evidence relating to the application has been provided by Santa Hernandez. As expected, Martinez is nowhere to be found.

resolve (a) whether the insured, ARIEL HERNANDEZ, ever heard MARTINEZ say that he would incorrectly record the information; and (b) the scope of his approval, assuming arguendo, the insured knew of MARTINEZ's deception.[3] In summary, SANTA and MABELLE HERNANDEZ contend that a jury should determine whether the insured is responsible for the misrepresentation of ITT's agent.

### III.

Upon consideration of the record, the Court concludes that this case should proceed to trial for a full "airing" of the facts. This Court, therefore, denies Plaintiff's Motion for Summary Judgment, with certain caveats:

*First,* this opinion has been rendered in order to place this case in a triable framework and assist the parties in reducing the issues that need be resolved. *See,* Fed.R. Civ.P. 56(d).

*Second,* this Court fully approves the legal principles announced in *Hilton-Green,* and *Schrader v. Prudential Insurance Company,* supra, and intends to instruct the jury in accordance therein.[4]

*Third,* while the Court has denied the summary judgment, it will revisit the issue at the time of the Rule 50 motion by Plaintiff at the close of all the evidence. *See, Kaye v. Pawnee Construction Co.,* 680 F.2d 1360 (11th Cir.1982). This Court is reluctant to enter a judgment based largely on the testimony of one witness without the benefit of full hearing in an open courtroom. The Court hopes these observations will be of assistance to the parties and takes this opportunity to commend counsel for ITT and the claimants for their quality work product.

---

**3.** "Even if Ariel knew what Martinez had said, that does not necessarily mean he could not assume the rest of the application would be completed correctly. ITT's claim is: once a liar, always a liar. But it is not "fatuous" for Ariel to presume that Martinez would include a small inaccuracy to reduce the premium, but would accurately answer the rest of the questions." (M. p. 10).

**4.** The parties are again advised that jury instructions and verdict forms should be submitted pursuant to the Court's earlier request.