522 So.2d 1032 (1988)
Graciela C. DE GUERRERO, Appellant,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 87-2856.
District Court of Appeal of Florida, Third District.
April 5, 1988.
Julio V. Arango, Coral Gables, for appellant.
Steel Hector and Davis and Jose I. Astigarraga and Norman Davis, Miami, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
The beneficiary of a life insurance policy appeals from a summary judgment entered in favor of the insurer. We affirm.
The deceased, Jorge de Guerrero, applied for a $200,000 life insurance policy with John Hancock. In response to a series of questions listed on the insurance application concerning his medical history, de Guerrero made several material misrepresentations. The following facts are uncontradicted: when asked whether he had seen a physician within the past five years de Guerrero disclosed only a check-up for insurance purposes when in truth he had several consultations with his physician who, just three weeks prior to the application for insurance, had diagnosed him as overweight and suffering from a goiter. When questioned about drug and alcohol use de Guerrero responded that he was not an alcoholic or user of drugs, when in fact he had been an active alcoholic since the age of sixteen and had been diagnosed an alcoholic by a physician from whom he sought treatment for his alcoholism, and to *1033 whom he also admitted that he used marijuana.
De Guerrero died within the two-year contestability period included in the policy.
The undisputed affidavits filed by the insurer state that had the deceased given the true facts the insurance policy would not have been issued, or would not have been issued on the same terms.
Section 627.409(1), Florida Statutes (1985), provides that a misrepresentation or omission in an insurance application precludes benefits under the policy in a number of different circumstances.[1] Here, the trial court found the misrepresentations to be material and that they undisputably affected the insurer's willingness to accept the risk or issue the policy on the same terms. Even an unintentional misstatement in an insurance application will preclude recovery where the misstatement materially affects the risk or the insurer's willingness to accept that risk on the agreed terms. Continental Assur. Co. v. Carroll, 485 So.2d 406 (Fla. 1986); Shelby Life Ins. Co. v. Paolasini, 489 So.2d 89 (Fla. 3d DCA), rev. denied, 501 So.2d 1283 (Fla. 1986).
Where the evidence is clear and uncontradicted the materiality of the misrepresentation shall be decided as a question of law. Carroll, 485 So.2d at 409; 7 Couch on Insurance 2d, § 35:94 (rev. ed. 1985). Summary judgment for an insurer is appropriate where the insured made a material misrepresentation of fact on the application for insurance. Smart v. Time Ins. Co., 419 So.2d 686 (Fla. 1st DCA 1982). An insurer is entitled to rely on the truthfulness of an applicant's statement of medical history and has no duty to make further inquiries. Paolasini, 489 So.2d at 91; New York Life Ins. Co. v. Nespereira, 366 So.2d 859 (Fla. 3d DCA 1979).
Summary judgment is affirmed.
NOTES
[1] Section 627.409(1) provides in pertinent part:

Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
(a) They are fraudulent;
(b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.