610 So.2d 480 (1992)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Magaly DECHEONA and Jamie Samuels, Appellees.
No. 92-521.
District Court of Appeal of Florida, Third District.
November 10, 1992.
Rehearing Denied February 2, 1993.
*481 Barnett, Clark & Barnard and James Clark, Miami, for appellant.
Robbins & Reynolds and Robert Robbins, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This is an appeal by the plaintiff Government Employees Insurance Company [GEICO] from an adverse final declaratory decree which found that (1) GEICO had improperly voided its automobile insurance policy with its insured, the defendant Magaly Decheona, based on an incorrect statement concerning Decheona's marital status on Decheona's application for insurance, and (2) the subject automobile insurance policy fully covered the defendant Decheona for an automobile accident involving the insured vehicle driven by Decheona in which the defendant Jamie Samuels was injured.
We reverse the final declaratory decree and remand the cause to the trial court with directions to issue a declaratory decree that the plaintiff GEICO was entirely justified under Section 627.409(1), Florida Statutes (1991), in voiding the subject automobile insurance policy, thereby resulting in no insurance coverage under said policy for the above-stated automobile accident, because the evidence adduced below establishes that GEICO would not, in good faith, have issued the subject policy had it known that the defendant Decheona was not divorced, as she stated in her application, but was, in fact, separated from her husband.
Paula Kerce, an underwriting supervisor for GEICO, testified by deposition below that
"as practice and procedure in the underwriting department, if we know that an applicant is separated regardless of the length of time, we do obtain their [spouse's] driving history. There is always the chance that they will reconcile if they are not divorced. And we always obtain their driving history to make sure that it is still satisfactory and within our regular guidelines."
(T.12.) She further testified that if the defendant Decheona had revealed that she was separated from her husband, rather than divorced, in her insurance application, GEICO would have obtained the driving record of Decheona's husband and, upon receipt of same, would have never issued the subject insurance policy to the defendant Decheona because, as was conceded below, Decheona's husband had lost his Florida driver's license in 1984 because of a drunk driving conviction. (T.65-66).
Section 627.409(1), Florida Statutes (1991), provides inter alia that an incorrect statement in an application for an insurance policy, as here, "shall not prevent a recovery under the policy ... unless ... (c) [t]he insurer in good faith would ... not have issued the policy ... if the true facts had been made known to the insurer ... either by the application for the policy ... or otherwise." Plainly, this section applies to the instant case because (1) the defendant Decheona's incorrect statement caused GEICO not to investigate the driving record of Decheona's husband when it otherwise would have done so if Decheona had disclosed in her insurance application that she was separated from her husband, rather than divorced, and (2) upon discovery of the driving record of Decheona's husband, GEICO, quite understandably, would not have issued the subject insurance policy due to the husband's deplorable driving record. Consequently, GEICO was entirely justified in voiding the subject policy. Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla. 1986); De Guerrero v. John Hancock Mut. Life Ins. Co., 522 So.2d 1032 (Fla. 3d DCA 1988); Singer v. Nationwide Mut. Fire Ins. Co., 512 So.2d 1125 (Fla. 4th DCA 1987); Shelby Life Ins. Co. v. Paolasini, 489 So.2d 89 (Fla. 3d DCA), rev. denied, 501 So.2d 1283 (Fla. 1986).
We have not overlooked GEICO's written underwriting guideline which states that applicants "who have been separated [from their respective spouses] less than one year should be underwritten as if *482 the spouse were a regular operator [of the insured vehicle]" (R.405), nor the fact that the defendant Decheona had been separated from her husband for over two years at the time she applied for insurance from GEICO. This written guideline, however, does not prohibit GEICO underwriters from considering a spouse of an applicant as a driver of the insured vehicle where the applicant has been separated from the spouse, as here, for more than a year  and is therefore not inconsistent with GEICO's unwritten practice of always obtaining the driving record of an applicant's spouse where the applicant and spouse are separated. We have considered the defendant Decheona's contrary argument on this point, as well as other points, but are not persuaded thereby.
Reversed and remanded.