SCHWARTZ, Chief Judge.
This is an appeal from a judgment entered on a jury verdict for the putative insured physician under a medical malpractice policy. We reverse.
The basis for our ruling is that the record indisputably demonstrates the doctor falsely and materially represented in response to a question on the application that he had had no previous malpractice claims against him, although in fact he had previously received no less than three § 766.106(2) -notices of intent, which he had duly transmitted to his claims-made insurer. Recovery under the policy was therefore precluded as a matter of law. Section 627.409(1), Florida Statutes (1995). See MacCabees Life Ins. Co. v. Saberi, 611 So.2d 537 (Fla. 3d DCA 1992), and cases cited; Government Employees Ins. Co. v. Decheona, 610 So.2d 480 (Fla. 3d DCA 1992), review denied, 623 So.2d 493 (Fla.1993); de Guerrero v. John Hancock Mutual Life Ins. Co., 522 So.2d 1032 (Fla. 3d DCA 1988); Shelby Life Ins. Co. v. Paolasini, 489 So.2d 89 (Fla. 3d DCA 1986), review denied, 501 So.2d 1283 (Fla.1986).
Similarly, there is no legal basis for any of the insured’s defensive contentions (a) that the terms of the policy concerning the effect of a misrepresentation were decisively less restrictive than those of the statute, compare Green v. Life & Health of America, 704 So.2d 1386 (Fla.1998), (b) that the carrier was on binding notice of the misrepresentation, see United Servs. Auto. Ass’n v. Clarke, 757 So.2d 554 (Fla. 4th DCA 2000), review dismissed, 818 So.2d 501 (Fla.2002); Paolasini, 489 So.2d at 89, and (c) that there was competent evidence that the insurer had not relied on it.
On these grounds, the defendant’s motion for directed verdict at the conclusion of the evidence should have been granted, and the judgment below is therefore reversed for the entry of judgment for the defendant.
Reversed and remanded.