522 So.2d 424 (1988)
OLD SOUTHERN LIFE INSURANCE COMPANY, Appellant,
v.
William R. KIRBY, Appellee.
No. 87-1252.
District Court of Appeal of Florida, Fifth District.
March 3, 1988.
Rehearing Denied March 25, 1988.
Terrence E. Kehoe and Richard W. Prospect, of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando and Daytona Beach, for appellant.
Robert J. Telfer, Jr., of Cianfrogna, Telfer & Reda, P.A., Titusville, for appellee.
SHARP, Chief Judge.
Old Southern Life Insurance Company appeals from a judgment awarding $1,450.00 to appellee Kirby for Old Southern's failure to pay sums due under its *425 medical expenses/hospitalization indemnity policy. Kirby was also awarded $18,750.00 for attorney's fees and $355.20 in costs. We agree with Old Southern that the jury instruction regarding its defense that Kirby made a material omission on his insurance application was erroneous because it required a finding by the jury that the omission was made by Kirby with a fraudulent intent. Old Southern is therefore entitled to a new trial, based on this record. We do not reach the issue of whether the attorney's fee award was excessive.
In August of 1982, Kirby filed an application with Old Southern for medical and hospitalization insurance. Item number 8 on the form asked him to list "all insurance now in force," and it provided four blank lines to be filled in by noting the insurance company, policy number, type and amount of coverage  Kirby did not fill in the blanks.
Kirby and the insurance agent who sold him the policy, Sophie Ormson, testified they did not think the omission was material because the Old Southern insurance policy was structured to pay regardless of the existence of any other insurance. Ormson was aware that she had sold Kirby three other medical/hospitalization policies with other companies. She did not know that Kirby had 48 other such policies in effect at the time his policy application was submitted.
Ken Johnson, the head of Old Southern's underwriting department, testified that had Kirby disclosed he had 48 other similar insurance policies, the company would not have issued the policy, because it does not issue policies to persons who are over-insured. However, Old Southern had no underwriting guidelines to determine when a person is over-insured, and it did not inform its agents, such as Ormson, that over-insurance was a basis for rejection. Old Southern's Insurance brochure emphasized the company would pay in addition to other insurance, and there was no mention of over-insurance.
Over Old Southern's objection, the jury was instructed:
1. Was WILLIAM R. KIRBY'S failure to answer item no. 8 on his application for insurance with OLD SOUTHERN LIFE INSURANCE CO. done with the intent to defraud or conceal.
YES ____ NO ____
If your answer to Question 1. is NO, your verdict is for the Plaintiff and you should not proceed further except to date and sign this verdict form and return it to the Courtroom. If your answer to Question 1. is YES, please answer Question 2.
Questions 2 and 3 dealt with whether or not the information requested in Item Number 8 was material to the company's acceptance of the risk, and whether Old Southern in good faith would not have issued the policy had Item 8 been fully answered. Under the special verdict format, the jury would never reach these questions unless it found Kirby's failure to disclose was fraudulent. The jury found Kirby did not have the intent to defraud or conceal, and it therefore did not answer Questions 2 or 3.
This jury instruction was erroneous. Section 627.409(1), Florida Statutes (1981)[1] is controlling. It provides:
(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) They are fraudulent;
(b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same *426 premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
Kirby's neglect or omission to set forth his 48 existing health and medical insurance policies was clearly an omission. We reject Kirby's efforts to categorize his handling of the application as not an "omission," but just "merely" leaving Item 8 "blank." A "blank" is an "omission" in our view, particularly where allegedly material information was omitted.
Under section 627.409(1), the misrepresentations or omissions need not be fraudulently or knowingly made by the claimed insured in order to void the policy if the misrepresentation or omission affected the insurer's acceptance of the risk, or if the insurer would not have issued the policy, had the true facts been revealed. Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla. 1986); Preferred Risk Life Insurance Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982); Minnesota Mutual Life Insurance Co. v. Candelore, 416 So.2d 1149 (Fla. 5th DCA), review denied, 424 So.2d 760 (Fla. 1982). Because the jury was foreclosed from considering the latter two bases for voiding the policy, in the absence of a finding of fraud, Old Southern's defense was not fairly presented to the jury. See Allstate Insurance Company v. Winnemore, 413 F.2d 858 (5th Cir.1969).
We think that whether over-insurance was a material risk factor, or a condition which would have resulted in Old Southern's rejection of Kirby's policy application, were questions which should have been submitted to the trier of fact in this case. (Compare Preferred Risk Life Insurance Co. v. Sande and Minnesota Mutual Life Insurance Co. v. Candelore.). Johnson's testimony was contradicted in part by the absence of any written policies or oral instructions to agents regarding rejection of over-insured parties. However, he testified the policy would not have been issued had the true facts been known. Accordingly, we reverse the judgment and remand for a new trial consistent with this opinion.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] This statute was amended, effective October 1982, by the deletion of the word "either" in subsection (1).