**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,**
Plaintiff,

v.

**Harold F. SAHLEN, et al., Defendants.**

**No. 90–6432–CIV.**

United States District Court,
S.D. Florida.

Dec. 4, 1992.

James H. Schropp and Jonathan M. Jacobs, Fried, Frank, Harris, Shriver and Jacobson, Washington, DC, for defendant Thomas R. Pledger.

Jan Douglas Atlas, Atlas, Pearlman and Trop, P.A., Fort Lauderdale, FL, for defendant Nelson H. Logal.

Harold F. Sahlen, Jr., pro se.

Jay Starkman, Starkman and Magolnick, P.A., Jane W. Moscowitz, Baker and Moscowitz, Miami, FL, for intervenor Lawrence E. Bodden.

Martin J. Hanna, Coral Springs, FL, for intervenor Aarif Dahod.

Robert D. McIntosh, Patricia A. Burton, Reid A. Cocalis, Fleming O'Bryan and Fleming, Fort Lauderdale, FL, for plaintiff.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the plaintiff's Motion for Summary Judgment. The motion has been fully briefed, and the Court heard oral argument of counsel regarding the issues raised by the motion on June 22, 1992. The plaintiff's motion is now ripe for ruling.

The plaintiff, National Union Fire Insurance Company of Pittsburgh ("National Union") brought this action seeking a declaratory judgment that the Directors and Officers Liability and Corporate Reimbursement Policy ("Liability Policy") issued by National Union insuring the officers and directors of Sahlen & Associates, Inc. and its subsidiaries is null and void, pursuant to Fla.Stat. § 627.409. The plaintiff has now moved for final summary judgment on Counts II and III of its First Amended Complaint. Count II asserts that the policy is void pursuant to Fla.Stat. § 627.-409(1)(b), while Count III relies on Fla.Stat. § 627.409(1)(c).

## FACTS

On September 21, 1988, Sahlen & Associates, Inc. submitted an application for the issuance of a Directors and Officers Liability and Corporation Reimbursement Insurance Policy by National Union. The application was signed by Harold F. Sahlen, the President and Chief Executive Officer of Sahlen & Associates, Inc. The policy language contained the following questions:

14. No Director or Officer has knowledge or information of any act, error or omission which might give rise to a claim under the proposed policy except as follows: (Attach complete details) (If they have no such knowledge or information, check here ____ NONE).

\* \* \* \* \* \*

16. It is agreed with respect to questions # 14 and # 15 above that if such knowledge or information exists any claim or action arising therefrom is excluded from this proposed coverage.

In response to question No. 14, Sahlen & Associates, Inc. placed an "X" next to the word "NONE." The policy application also required the attachment of numerous financial and corporate documents. In compliance with this request, Sahlen & Associ-

ates, Inc. submitted various documents, including a 1987 annual report, a Form 10–K for the fiscal year ended June 30, 1987, and the company's latest interim financial statements.

On April 24, 1989, Sahlen & Associates, Inc. announced in a press release that the company had identified an extensive overstatement of the company's accounts receivables. The company concluded that a restatement of the financial statements for the first two quarters of the fiscal year ended June 30, 1989, as well as for prior years, would be required. Sahlen & Associates, Inc. also announced the termination of Harold F. Sahlen, Lawrence Bodden, Aarif Dahod, and Nelson H. Logal, officers of the company. Subsequently, a Special Committee appointed by the Board of Directors found that a large proportion of the company's reported receivables had been based on fictitious invoices issued from 1986 until 1989.

## DISCUSSION

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party and it is a stringent one. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), and any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

National Union contends that the liability policy issued to the defendants is void pursuant to Fla.Stat. § 627.409(1)(b) and (c). Fla.Stat. § 627.409(1) provides as follows:

(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefore, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

(a) They are fraudulent;

(b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

The Florida Supreme Court has construed the plain language of Fla.Stat. § 627.409 to provide that an incorrect statement made in an application for insurance will prevent recovery under the policy, even if the misrepresentation was unintentional and unknown by the applicant, if the insurer would have altered the terms of the policy had it known the facts or if the misstatement materially affected the risk assumed by the insurer. *Continental Assurance Co. v. Carroll*, 485 So.2d 406 (Fla.1986). *See also Fernandez v. Bankers National Life Insurance Company*, 906 F.2d 559, 565 (11th Cir.1990); *Old Southern Life Insurance Company v. Kirby*, 522 So.2d 424 (Fla. 5th DCA1988).

According to National Union, the policy application submitted by Sahlen & Associates, Inc. contained misrepresentations which were material to the risk assumed under the policy. In its motion for summary judgment, National Union first directs the Court's attention to question No. 14, which states:

14. No Director or Officer has knowledge or information of any act, error or omission which might give rise to a claim under the proposed policy except as follows: (Attach complete details) (If they have no such knowledge or information, check here ____ NONE).

In response to this question, Sahlen & Associates, Inc. placed an "X" next to the word "NONE." National Union contends that this was a misrepresentation, because Harold F. Sahlen, the company's President and Chief Executive Officer, knew when he signed the application that the company's financial statements had been grossly inflated for the past few years. National Union also argues that Sahlen & Associates, Inc.'s submission of grossly inaccurate corporate documents with its application for the policy constituted a material misrepresentation sufficient to render the policy void.

■ The defendants have not offered any evidence to refute National Union's assertion that Harold F. Sahlen knew about the inaccurate financial statements when he answered Question No. 14 and signed the policy application. Nor do they argue that the financial statements submitted to National Union were accurate. Instead, they argue that any misrepresentation made by Harold F. Sahlen should not affect the coverage of the other defendants. They also contend that misrepresentations in financial statements cannot serve as a basis for rescission of the policy.

In support of their contention that any misrepresentation made by Harold F. Sahlen cannot serve as a basis for rescission, the defendants state that the policy provides severable coverage to the insureds. They contend that the policy would not contain language such as "each director" or "the insureds" unless National Union intended to provide severable coverage. They also argue that Question No. 16 of the policy application further reflects this intention, while also dictating how coverage will be affected by a misrepresentation in Question No. 14. Question No. 16 provides as follows:

16. It is agreed with respect to questions #14 and #15 above, that if such knowledge or information exists any claim or action arising therefrom is excluded from this proposed coverage.

According to the defendants, the only reasonable interpretation of Question No. 16 requires that "such knowledge" will only exclude the coverage of those insureds who had knowledge of the claim.

The Court recognizes the possibility that an insurer may be held to the language of a policy which provides the insured with greater protection than a relevant insurance statute. *See, e.g. William Penn Life Ins. Co. of New York v. Sands,* 912 F.2d 1359, 1361 (11th Cir.1990). Indeed, courts have held that a policy may not be rescinded as to all of the insureds when it contains a severability clause. *See Wedtech Corp. v. Federal Ins. Co.,* 740 F.Supp. 214 (S.D.N.Y.1990); *Shapiro v. American Home Assurance Company,* 616 F.Supp. 900 (D.Mass.1984). However, those cases involved policies containing extremely clear severability clauses. The Liability Policy in this case contains no severability clause, nor does it contain any language sufficient to alter the applicability of Fla.Stat. § 627.-409.

Question No. 14 asks the applicant to identify any act or omission known of by any of the officers or directors which might give rise to a possible claim. Question No. 16 provides that any such claim will be excluded from coverage under the policy. Question No. 16 does not say anything about the consequences of an inaccurate statement in response to Question No. 14. Thus, the defendants' contention that the policy provides the insured greater protection than the relevant statute is without merit. Consequently, the question before the Court is whether Fla.Stat. § 627.409 precludes recovery under the Liability Policy.

Sections 627.409(1)(b) and (c) of the Florida Statutes preclude recovery under an insurance policy when the application contains a misrepresentation if that misrepresentation is material to the risk assumed, or if the insurer in good faith would not

have issued the policy under the same terms had the true facts been known. If Harold F. Sahlen's answer misrepresented the risk incurred by insuring all those covered by the policy, it follows that the statute should render the policy void as to all of the insureds. *Shapiro v. American Home Assurance Company*, 584 F.Supp. 1245, 1252 (D.Mass.1984); *See, also, Mazur, et al. v. Gaudet, et al.*, 1992 WL 44397, 1992 U.S. Dist. LEXIS 1684 (E.D.La. 1992); *INA Underwriters Insurance Company v. D.H. Forde & Co., P.C.*, 630 F.Supp. 76, 77 (W.D.N.Y.1985). While this result may seem unfair to those defendants who find themselves without coverage through no fault of their own, an equally unjust result would occur if the insurance company were required to supply coverage for a risk it never intended to insure. *INA Underwriters*, at 77.

In the instant case, there is no genuine issue as to whether Mr. Sahlen had knowledge of actions giving rise to a possible claim under the Liability Policy; the plaintiffs have presented undisputed evidence that he had such knowledge. The placement of an "X" next to the word "NONE" in Question No. 14, therefore, constituted a misrepresentation in the insurance application.

 Similarly, the defendants do not dispute that the financial records submitted with the insurance application were grossly inaccurate. They do argue, however, that misrepresentations contained in financial reports which were merely "attached" to the policy application cannot serve as a basis for rescission of the policy. According to the defendants, the financial statements cannot be said to contain misrepresentations, because there was never any requirement that they be truthful. In support of this contention, they point out that the policy application required certification that the accuracy of the statements set forth within it were true, but did not require certification that the attached reports were also accurate. The Court finds this reasoning unpersuasive. An inaccurate statement is an inaccurate statement, regardless of whether the maker of that statement made an additional promise to be truthful.

 Having determined that the policy application contained misrepresentations, the Court must now decide whether these misrepresentations were material to the risk assumed. When the facts are not in dispute, the question of materiality of a misrepresentation on an insurance application is a question of law. *Fernandez v. Bankers National Life Insurance Company*, 906 F.2d 559, 566 (11th Cir.1990); *de-Guererro v. John Hancock Mutual Life Insurance Company*, 522 So.2d 1032, 1033 (Fla. 3d DCA1988). In the instant case, National Union has presented undisputed evidence that the Liability Policy would not have been issued at the same premium rate or in as large an amount if the financial statements had reflected Sahlen & Associates, Inc.'s true financial condition. *See* Affidavit of Christopher Lang at 8–9. Consequently, the Court finds that these misrepresentations were material to the risk assumed, and that National Union would not have issued this Liability Policy if it had known the true facts about Sahlen & Associates, Inc. Accordingly, the Court finds that Fla.Stat. §§ 627.409(1)(b) and (c) preclude recovery by the defendants under the Liability Policy.

 Finally, the Court must address the defendants' argument that National Union is equitably estopped from seeking rescission of the Liability Policy. A delay in informing the insured of a dispute as to coverage may result in estoppel of the insurer from contesting coverage if the insured can show that he has been prejudiced. *Centennial Insurance Company v. Tom Gustafson Industries*, 401 So.2d 1143, 1144 (Fla. 4th DCA1981). However, a party claiming an estoppel or waiver because of a delay in disclaiming liability must show that his rights were prejudiced thereby. *Liberty Mutual Insurance Company v. Jones*, 427 So.2d 1117, 1118 (Fla. 3d DCA1983). The defendants contend that National Union first received notice of their claim in 1989, but did not mention the possibility of rescission until August 6, 1991. However, the record reflects that

this rescission action was first filed on May 31, 1990. The delay in moving this case forward was caused by the petition for bankruptcy filed by Sahlen & Associates, Inc. The defendants have not presented any evidence sufficient to establish that they were prejudiced by National Union's failure to seek rescission prior to May 31, 1990. Construing the evidence in the light most favorable to the defendants, therefore, the Court nevertheless finds that National Union is not estopped from seeking rescission of the Liability Policy.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the plaintiff, National Union's Motion for Summary Judgment is GRANTED. The Directors and Officers Liability and Corporation Reimbursement Policy Number 352 89 58, issued by National Union Fire Insurance Company to Sahlen & Associates, Inc., is hereby declared void and rescinded pursuant to Fla.Stat. § 627.409(1)(b) and § 627.409(1)(c).

DONE AND ORDERED.