999 F.2d 1532
 NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,
Plaintiff-Counterclaim Defendant-Appellee,
v.
Harold F. SAHLEN, Thomas R. Pledger, Nelson H. Logal,
Defendants-Counterclaim Plaintiffs-Appellants,
Aarif Dahod and Lawrence Bodden, Intervenors-Defendants
Counterclaim-Plaintiffs-Appellants.
 Nos. 93-4029, 93-4231.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 3, 1993.
 
 James H. Schropp, Jonathan M. Jacobs, Anthony J. Renzi, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Robert S. Geiger, Levine & Geiger, P.A., Miami, FL, for Pledger in No. 93-4029.
 Jan Douglas Atlas, Robin Corwin Campbell, Atlas, Pearlman & Trop, P.A., Ft. Lauderdale, FL, for Logal in No. 93-4029.
 Jane W. Moscowitz, Baker & Moscowitz, Miami, FL, for Bodden in Nos. 93-4029, 93-4231.
 Martin J. Hanna, Martin J. Hanna, P.A., Coral Springs, FL, for Dahod in Nos. 93-4029, 93-4231.
 Paul R. Regensdorf, Fleming, O'Bryan & Fleming, Ft. Lauderdale, FL, for appellee in No. 93-4029.
 James H. Schropp, Jonathan M. Jacobs, Anthony J. Renzi, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for Pledger in No. 93-4231.
 Jan Douglas Atlas, Atlas, Pearlman & Trop, P.A., Ft. Lauderdale, FL, for Logal in No. 93-4231.
 Patricia Ann Burton, Paul R. Regensdorf, Fleming, O'Bryan & Fleming, P.A., Ft. Lauderdale, FL, for appellee in No. 93-4231.
 Appeals from the United States District Court for the Southern District of Florida.
 Before EDMONDSON and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioners, officers and directors of Sahlen & Associates, Inc. ("SAI"), appeal the rescission of their Officers and Directors Liability Insurance Policy. The district court declared the policy void under Florida law and granted summary judgment in favor of Respondent National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). We find that the district court properly held the policy void and affirm.
 
 I.
 
 2
 In September, 1988, SAI submitted to National Union an application for directors and officers ("D & O") liability insurance signed by SAI President and Chief Executive Harold Sahlen. SAI attached certain required documents to the application, including a 1987 annual report, SEC filings, and mid-1988 financial statements.
 
 
 3
 In April, 1989, it was discovered that officers and/or employees of SAI had been manufacturing fictitious invoices over a period of years. Consequently, accounts receivable were overstated by $45 million and the company's financial health was significantly worse than it had appeared. SAI's accountants immediately withdrew their certification of financial statements prepared for the company between 1986 and 1989, including some of the documents attached to the D & O policy application. Following an investigation by the outside directors, SAI terminated Harold Sahlen and Petitioners Lawrence Bodden, Aarif Dahod and Nelson Logal. A torrent of civil and criminal actions followed public announcement of the wrongdoing. In late May, 1989, SAI filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq.
 
 
 4
 In September, 1989, National Union entered into an Interim Funding Agreement with SAI officers and directors. The agreement provided that National Union would pay the Insureds' defense costs in the civil and criminal suits as they were incurred but reserved National Union's rights under its D & O policy. In July, 1991, National Union filed suit for rescission of the policy.[1] In August, 1991, National Union terminated the Interim Funding Agreement and informed the Insureds that it would cease payment under the policy as of September 3.
 
 
 5
 National Union based its claim for rescission on the following provision of Florida law, Fla.Stat. § 627.409(1):
 
 
 6
 (1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
 
 
 7
 (a) They are fraudulent;
 
 
 8
 (b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 
 
 9
 (c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
 
 Fla.Stat. § 627.409(1) (1989).[2]
 
 10
 The district court found in favor of National Union on a motion for summary judgment, concluding inter alia that SAI's attachment of inaccurate financial statements was a material misrepresentation under subsection (b) of the Florida statute. In the alternative, the district court held the policy void under subsection (c) of the Florida statute because National Union presented uncontradicted deposition testimony that it would not have issued the policy had it known of SAI's true financial position. The district court declared SAI's D & O policy void ab initio on December 4, 1992. 807 F.Supp. 743.
 
 
 11
 After disposing of two outstanding motions, the court entered final judgment on February 18, 1993, but reserved jurisdiction over National Union's claim for reimbursement of payments made theretofore under the Interim Funding Agreement. This appeal ensued.
 
 II.
 
 12
 Concerned that the district court's retention of jurisdiction over the question of reimbursement precluded our own jurisdiction over the appeal, we submitted a sua sponte question of jurisdiction to the parties. We are now satisfied that jurisdiction over this appeal lies under 28 U.S.C. § 1292.[3]
 
 
 13
 Section 1292 provides the courts of appeals with jurisdiction over interlocutory district court orders which modify injunctions.[4] During the pendency of this case, the district court granted a motion by the Insureds for partial summary judgment and held that National Union was required to pay the Insureds' defense costs in the underlying suits until its claim for rescission was resolved. We find that this order of the district court constituted an injunction for purposes of § 1292(a)(1). See C. Wright & A. Miller, Federal Practice and Procedure, § 3922 (West 1993 supp.) (defining "injunction" for purposes of § 1292); and see Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir.1989) (order directing insurer to pay defense costs is an injunction under § 1292(a)(1)); Allstate Ins. Co. v. Arvida Corp., 421 So.2d 741 (Fla.Dist.Ct.App.1982) (order directing insurer to defend is a mandatory injunction under Fla.R.App.P. 9.130(a)(3)(B), the Florida statute analogous to 28 U.S.C. § 1292(a)(1)).
 
 
 14
 On December 17, 1992, Petitioners Logal and Bodden filed a motion to compel National Union to pay costs incurred prior to rescission of the policy. The district court denied the motion, noting that because the policy was void ab initio the Insureds were entitled to no benefit from it and any prior order requiring National Union to advance defense costs had "no bearing on that result." This ruling effectively dissolved the injunctive relief provided for in the court's earlier grant of partial summary judgment in the Insureds' favor. This appeal rests upon that modification or dissolution of an injunction and we have jurisdiction under 28 U.S.C. § 1292(a)(1).
 
 III.
 
 15
 Petitioners contend that the district court erred in holding their D & O policy void under Florida law. It is undisputed that the financial statements attached to the policy application were inaccurate, reflecting, as they did, fictional accounts receivable. Petitioners assert, however, that inaccuracies in financial statements attached to a policy application are not "statements" within the meaning of Fla.Stat. § 627.409. We disagree. The documents provided to National Union were specifically required as part of the application and were patently critical to the insurer's decision to provide coverage. They were part and parcel of the completed application and the district court correctly found that indisputably inaccurate figures in them were "statements and descriptions in [an] application for an insurance policy" under Fla.Stat. § 627.409.
 
 
 16
 Misrepresentations and incorrect statements in a policy application bar recovery under the policy where, inter alia, they are material to the risk assumed by the insurer or the insurer would not have offered the same terms had it known the truth. Fla.Stat. § 627.409(1)(b) & (c). The statute contains no knowledge or intent element; unintentional or unknowing misstatements bar recovery under a policy if they alter the risk or the likelihood of coverage. Continental Assur. Co. v. Carroll, 485 So.2d 406 (Fla.1986); Fernandez v. Bankers Nat. Life Ins. Co., 906 F.2d 559 (11th Cir.1990); William Penn Life Ins. Co. v. Sands, 912 F.2d 1359 (11th Cir.1990).[5]
 
 
 17
 The actual, precarious state of SAI's financial health and the alleged criminal wrongdoing of certain of its high-level officers and employees quite obviously altered the risk assumed by the insurer. No further showing is required to void the policy under subsection (b) of the Florida law. See Fernandez, supra, at 565-66 (listing Florida appellate and federal district court cases holding that "misrepresentations on an insurance application are material for preventing recovery when the misstatement obviously affects the risk of insurance"). National Union presented uncontradicted deposition testimony of the underwriter who handled the SAI policy that he would not have offered the policy had he known of the company's true financial state. No further showing is required under subsection (c) of the Florida statute. See, e.g., Jackson Nat. Life Ins. Co. v. Proper, 760 F.Supp. 901, 905-06 (M.D.Fla.1991).
 
 
 18
 Given that the documents attached to the policy application incontrovertibly contained misstatements and that these misstatements were material to the risk assumed by National Union and the insurer's decision to provide coverage, the district court properly found the policy void under Fla.Stat. § 627.409.[6]
 
 IV.
 
 19
 Petitioners raise four additional claims, each of which we find to be without merit. First, they contend that National Union waived its right to sue for rescission of the policy because it had knowledge of wrongdoing at SAI as early as May, 1989, but did not sue until August, 1991. An insurer that delays informing its insureds of a dispute about coverage may find itself estopped from contesting coverage if the insureds show prejudice resulting from the delay. Centennial Ins. Co. v. Tom Gustafson Industries, Inc., 401 So.2d 1143, 1144 (Fla.Dist.Ct.App.1981); Liberty Mutual Ins. Co. v. Jones, 427 So.2d 1117, 1118 (Fla.Dist.Ct.App.1983).
 
 
 20
 In September, 1989, National Union asserted its reservation of rights respecting coverage in the Interim Funding Agreement. National Union then filed an initial complaint in May, 1990 which was delayed by the bankruptcy stay. As of that initial filing, however, the Insureds were aware that National Union intended to contest coverage. Construing the facts in the light most favorable to Petitioners, the district court concluded that the Insureds could not demonstrate prejudice from National Union's failure to assert its claim prior to May, 1990. We agree and so reject Petitioners' claims of waiver and equitable estoppel.
 
 
 21
 Second, Petitioner Pledger challenges the district court's denial of his motion to compel production of documents. After the district court granted National Union's summary judgment motion, it ruled that the documents sought by Pledger were irrelevant to the issue of rescission. Summary judgment is "generally ... inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests," Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir.1988), and we have reversed a grant of summary judgment where the court failed to rule on a discovery motion. Fernandez, supra, at 571. However, the absence of factual disputes material to the application of Fla.Stat. § 627.409 in this case persuades us that the district court did not err in granting National Union's summary judgment motion prior to ruling on Pledger's motion to compel.
 
 
 22
 Third, Petitioners Logal and Bodden appeal the district court's denial of their motion to compel compliance with the injunctive order of Judge Hoeveler which required National Union to make interim payments to the Insureds. Because the district judge found the policy void and concluded that National Union owed nothing to the Insureds, he denied the motion to compel. We find no error in this determination. Had the district court granted the motion to compel, any payments made to the Insureds would have become immediately subject to National Union's pending claim for reimbursement.
 
 
 23
 Finally, Petitioners appeal the district court's denial of their motion to compel National Union to pay the costs of their summary judgment motion concerning interim payments under the policy. Having reviewed the circumstances of the motion and the final outcome of the litigation, we conclude that the district court did not err in finding that Petitioners are not entitled to payment of those costs.
 
 
 24
 For the reasons stated above, the decision of the district court is AFFIRMED and the cases are REMANDED for further proceedings.
 
 
 
 [1]
 National Union prepared a complaint in May, 1990, but found its claim barred by the bankruptcy stay. National Union secured relief from the stay and then filed an amended complaint
 
 
 [2]
 In 1992, the Florida legislature rewrote section 627.409. See Fla.Stat. § 627.409 (1992 supp.). The alteration does not materially alter application of the statute to the facts of this case but the phrasing and subsections have changed. To avoid confusion, we continue to refer to the statute in its pre-amendment form, as it is reproduced above
 
 
 [3]
 Because we find jurisdiction under 28 U.S.C. § 1292, we do not decide the jurisdictional question originally raised: "Whether the district court's February 18, 1993, order granting final judgment to National Union Fire Insurance Company is not final and appealable because the district court has reserved jurisdiction to determine the amount of reimbursement, if any, to which National Union is entitled. [citation omitted]."
 
 
 [4]
 The section provides, in relevant part:
 [T]he courts of appeals shall have jurisdiction of appeals from interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 28 U.S.C. § 1292(a)(1) (West 1993 supp.).
 
 
 [5]
 In William Penn, while affirming the absence of an intent element in Fla.Stat. § 627.409(1), we concluded that the policy at issue was not void because the parties had contracted for coverage more beneficial to the insureds than required by the Florida statute. The applicants in William Penn certified only that their statements and answers on the application were "true to the best of [their] knowledge and belief." We concluded that the application had a "different requirement of accuracy" than did the Florida statute such that the contract between the parties excluded unknowing misstatement as a ground for policy rescission. 912 F.2d at 1362-64. While the parties in the instant case could have similarly structured their contract, they did not do so. The certification signed by Harold Sahlen provided: "the statements set forth herein are true " (emphasis added). We reject Petitioners' argument that this certification, located at the end of the application form, did not encompass the attached documents
 
 
 [6]
 Petitioners raise an alternative argument concerning the district court's finding of a material representation defeating coverage in the application form. Question 14 on the application read: "No Director of Officer has knowledge or information of any act, error, or omission which might give rise to a claim under the proposed policy ... (if they have no knowledge or information, check here: --- NONE)." SAI placed an "X" next to the word "NONE". Section 16 of the application provided: "It is agreed with respect to questions # 14 and # 15 above, that if such knowledge or information exists any claim or action arising therefrom is excluded from this proposed coverage." This language operates as an exclusion clause for coverage under the policy resulting from the application. In this case, the district court properly held the policy void ab initio because of the inaccurate financial attachments. Because the policy never existed, the scope of coverage described in Section 16 has no bearing on the issues on appeal